UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 25-cr-178-JDB |
| v. | : |
| | : |
| RONALD RICHARDSON, | : |
| | : |
| Defendant. | : |

UNITED STATES' OPPOSITION TO MOTION TO
TEMPORARILY MODIFY CONDITIONS OF RELEASE

The United States of America, by and through the undersigned counsel, hereby submits its opposition to the Motion to Temporarily Modify Conditions of Release "Motion to Modify" (ECF 12) filed on October 31, 2025. In support of its opposition, the United States would respectfully show the following:

The Motion to Modify asks this Court to grant discretion to the Pretrial Services Agency to allow the Defendant to attend Wizards games with his children. Defendant seeks leave to purchase tickets at a reduced price, i.e., day of game reduced priced ticket. The motion argues that the permission could be conditioned upon the Defendant producing "purchased tickets" for the officer to review. *See* Motion to Modify, ¶. The motion does not explain the mechanism by which the Defendant would obtain the reduced tickets in advance of the game for the officer to review. If the suggested approach is to produce the tickets after the game, the motion fails to explain if the Defendant would be in violation if he could not purchase tickets. Would the officer be obliged to check the schedule, the availability of reduced priced tickets, etc.? What if the Wizards start playing better and cheap tickets become scarcer? Put slightly differently, the relief requested is too nebulous and unenforceable for this Court to seriously consider such a modification.

While the Defendant's desire to take his children to games is laudable, it must be noted that the defendant is pending sentencing for being a felon in possession of a firearm. The incident occurred in the middle of the day and the offense first caught the attention of the police because the Defendant was also in possession of an open container of alcohol. The Defendant was on his way to work with a loaded gun and an open container of alcohol. Thus, the Defendant has a demonstrated record of mixing good behavior (i.e., going to work) with bad behavior (combing a firearm and alcohol). Assuming, <u>arguendo</u>, that the water-loading results and the violations of curfew are aberrations, it is ill-advised to allow the Defendant so much leeway at this juncture. The better course is for the family to watch the games together at home. It will be even cheaper and less dangerous.

Dated: November 3, 2025

By:   <u>/s/ Michael T. Truscott</u>
     Assistant United States Attorney
     D.C. Bar No. 1685577
     601 D Street NW
     Washington, DC 20530
     (202) 252-7223
     Michael.Truscott2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 3rd day of November 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

By: /s/ Michael T. Truscott
Assistant United States Attorney