UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**RONALD RICHARDSON** | Criminal Action No. 25-178 (JDB) |

**MEMORANDUM OPINION & ORDER**

Ronald Richardson is charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Before the Court now is Richardson's motion to modify the conditions of his pretrial release. Richardson requests that pretrial services be permitted the discretion to allow him to attend Washington Wizards basketball games with his children. The government opposes his request and pretrial services takes no position. For the following reasons, the Court grants Richardson's motion subject to additional conditions.

**BACKGROUND**

The Metropolitan Police Department arrested Richardson on May 6, 2025, for carrying an open container of alcohol. See Statement of Offense [ECF No. 10] at 1. Upon searching and detaining him, the police discovered that he was in possession of a handgun and ammunition and had previously been convicted of a felony punishable by a term of imprisonment exceeding one year—carrying a pistol without a license. See id. at 1-2. As a result, he was charged for being a felon in possession, in violation of 18 U.S.C. § 922(g)(1). See Mot. to Temporarily Modify Conditions of Release ("Mot.") [ECF No. 12] ¶ 1.

Richardson was released on personal recognizance. The conditions of his release include a curfew, GPS monitoring, drug testing, and that Richardson refrain from possessing weapons.

1

See Order Setting Conditions of Release [ECF No. 5] at 2-3. At a hearing on September 9, 2025, the Court reviewed Richardson's compliance with those conditions. He admitted to several minor curfew and substance use infractions, and one more serious curfew violation for visiting a night club. At the same hearing, Richardson pled guilty to one count of violating section 922(g)(1). See Min. Order of September 9, 2025. Since that hearing, Richardson has substantially complied with all his conditions of release. Mot ¶ 4.

On October 31, 2025, Richardson filed a motion to modify the conditions of his release. The government has responded, and Richardson has not timely replied. The motion is now ripe for review.

## LEGAL STANDARD

A defendant on pretrial release must be "subject to the least restrictive" set of conditions that will reasonably assure his appearance and the safety of the community. See 18 U.S.C. § 3142(c)(1)(B). In determining the appropriate conditions of release, courts must consider (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Id. § 3142(g); see also United States v. Vasquez-Benitez, 919 F.3d 546, 550-51 (D.C. Cir. 2019). The same factors are relevant when modifying conditions of release. See United States v. Eisenhart, Crim. A. No. 21-118 (RCL), 2021 WL 4148484, at *2 (D.D.C. Sept. 13, 2021).

Courts may "impose additional or different conditions" of release "at any time."  18 U.S.C. § 3142(c)(3).

## ANALYSIS

Professional basketball games usually happen in the evening.  This ordinarily prevents Richardson from attending them without violating his curfew.  And because basketball tickets may only become significantly discounted on the day of a game, it is infeasible for him to ask the Court for curfew modifications on an ad hoc basis once he learns cheap tickets are available.  That is why Richardson requests that pretrial services be "permitted to have the discretion to allow him permission to go to [basketball] games, upon showing his officer purchased tickets . . . ."  Mot. ¶ 3.

The government argues that Richardson's requested modification is "too nebulous and unenforceable for this Court to seriously consider."  Opp'n to Mot. to Temporarily Modify Conditions of Release ("Opp'n") [ECF No. 13] at 1.  But it does not identify any vagueness that is relevant to the disposition of Richardson's motion.  For instance, it points out that Richardson's "motion does not explain the mechanism by which [he] would obtain the reduced tickets in advance of the game for the officer to review."  Id.  Yet, the government does not explain why the means by which Richardson acquires his basketball tickets is relevant.  Regardless, Richardson says that he "relies upon the secondary market for prices to decrease sufficiently for him to buy . . . tickets."  Mot. ¶ 3.

Next, the government contends that "[i]f the suggested approach is to produce the tickets after the game, the motion fails to explain if [Richardson] would be in violation if he could not purchase tickets."  Opp'n at 1.  This concern misunderstands the request: Richardson wants to purchase tickets on the day of a game, show them to pretrial services, obtain permission and, only

3

then, attend the game.  Mot. ¶ 3.  He plans to obtain permission "upon showing his officer purchased tickets," id., not "after the game," Opp'n at 1.  Lastly, the government posits "[w]hat if the Wizards start playing better and cheap tickets become scarcer?"  Id.  This concern is not relevant because under his proposal, Richardson can elect not to purchase expensive tickets.

Setting the government's concerns with the design of Richardson's proposal aside, the question becomes whether granting pretrial services discretion to let him go to basketball games with his children is consistent with the safety of the community and ensuring Richardson appears in court.  In short, it is.

As a threshold matter, Richardson's requested modification is relatively minor.  He does not ask for changes to his GPS monitoring, general curfew, drug testing, or prohibition on keeping weapons.  Under his current obligations, Richardson may already attend sporting events so long as he can return home before his 10 p.m. curfew.  And if his proposal is granted, pretrial services will maintain discretion to deny his requests, and he will be required to go home directly after transporting his children home at the conclusion of the game.  Moreover, the government does not contend that Richardson's proposed modifications pose any dangers to the community or opportunities for flight that are different in kind than the risks posed by his release, generally.  See Opp'n at 2.  His proposal thus amounts to, at most, a small exception to the conditions of his release.  The modest nature of the requested modification matters because Richardson is entitled to the "least restrictive" set of conditions that still ensures his appearance in court and preserves public safety.  18 U.S.C. § 3142(c)(1)(B).  The Court must therefore analyze whether the remaining conditions, as modified by Richardson's proposal, are sufficient to achieve those ends.

The nature and circumstances of the offense weigh slightly in favor of Richardson.  The Court must consider whether "the offense is a crime of violence, a [certain sex trafficking offense],

4

a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." Id. § 3142(g)(1). Richardson's offense, being a felon in possession of a firearm and ammunition, involved a firearm but was nonviolent. See United States v. Ewing, Crim. A. No. 20-220 (JDB), ECF No. 42, at *4-5; cf. United States v. Singleton, 182 F.3d 7, 16 (D.C. Cir. 1999) (holding that section 922(g) is not a "crime of violence" for purposes of triggering a pretrial detention hearing). And in general, "a single count of felon in possession . . . weighs in favor of release." United States v. Bryant, 778 F. Supp. 3d 14, 20 (D.D.C. 2025).

As for the circumstances of the offense, the government highlights that Richardson was in possession of an open container of alcohol when arrested. Opp'n at 2. Although this raises concerns about Richardson's judgment, it is of limited probative value in assessing the risk of Richardson's proposed modification considering he would still be prohibited from possessing weapons, subject to GPS tracking, and would be required to return home after the basketball game ends. The government's concern can be further addressed by requiring that Richardson abstain from alcohol while attending a game. And the negative circumstances of his arrest must be balanced against the absence of other circumstances that indicate a person poses an elevated threat to their community, such as possessing an illegal model of firearm or multiple magazines, engaging in narcotics trafficking, fleeing the police, or discharging a weapon. See, e.g., United States v. Taylor, 289 F. Supp. 3d 55, 64 (D.D.C. 2018). So, in the context of Richardson's proposed modification, the nature and circumstances of his offense do not indicate an elevated danger to the community or flight risk.

The strength of the evidence weighs against Richardson because he has pled guilty. However, this factor "is the least important." United States v. Padilla, 538 F. Supp. 3d 32, 43 (D.D.C. 2021) (quoting United States v. Gebro, 948 F.2d 1118, 1121-22 (9th Cir. 1991)). And for

this motion in particular, the weight of the evidence is minimally relevant to the impact on public safety and flight risk. Whether at a basketball game or at home, Richardson is prohibited from possessing weapons and subject to a general curfew and GPS monitoring. Accordingly, the Court affords this factor limited significance.

Richardson's history and characteristics are neutral. He has four children, and the basis for his requested modification is to spend more time with them. He has also maintained employment, which demonstrates reliability, has lived with his mother since being released, and anticipates moving into an apartment of his own. Moreover, he has always appeared for court proceedings in this matter. Since his indictment, he has substantially complied with the conditions of his release, albeit imperfectly. But importantly, after the Court admonished Richardson to improve his compliance in the September 9, 2025, hearing, his record has improved. Mot. ¶ 4. And relevantly, Richardson's lone curfew violation since that hearing appears to have resulted from a miscommunication with his mother about childcare, not an attempt to circumvent the conditions of his release. Id.

On the other hand, Richardson has previously been convicted for possession of a firearm without a license, driving without a license, possession of drug paraphernalia and a controlled substance, and disorderly conduct. But, importantly, "the government has not presented evidence that the underlying conduct giving rise to those convictions involved violence," Taylor, 289 F. Supp. 3d at 69, nor does it argue that Richardson's criminal history or compliance history should be factored against him here, see Opp'n. And again, these facts only minimally implicate the effect of Richardson's requested modification on community safety and flight risk because the conditions requiring him to submit to drug testing, forgo weapons, and comply with his general curfew remain in place. On balance, Richardson's history and characteristics are thus neutral.

Lastly, the nature and seriousness of the danger posed by modification weigh in Richardson's favor. For the reasons explained above, the requested modification, considering the substantial remaining conditions on Richardson's release, does not pose an increased danger to the community. And in <u>United States v. Singleton</u>, the D.C. Circuit held that a bare felon-in-possession offense is not a "crime of violence" that justifies a hearing to determine whether pretrial detention is warranted based on dangerousness and flight risk. 182 F.3d at 16. This is because, inter alia, "possession and use of a firearm is sufficiently attenuated." <u>Id.</u> at 14. To be sure, this case concerns the modification of conditions of release, not detention in the first instance, but <u>Singleton</u> nevertheless suggests that a charge of being a felon in possession, without more, weighs against denying modest allowances such as this. Any risk to the community is further reduced by the requirement that Richardson—who remains subject to GPS monitoring—go directly home once he transports his children home after the game. And Richardson's proposed modification requires him to go to a location, Capital One Arena, that forbids bags and conducts mandatory metal detector screening, which further buttresses community safety.

In conclusion, the section 3142 factors indicate that granting Richardson his requested modification would not increase danger to the community or flight risk. As such, denying his request would be inconsistent with the Court's obligation to impose the "least restrictive" conditions sufficient to achieve those ends.

\* \* \*

Upon consideration of [12] Richardson's motion to modify conditions of release, and the entire record herein, it is hereby ORDERED that the motion is GRANTED; it is further ORDERED that pretrial services is allowed the discretion to permit Richardson to attend Wizards basketball games, and take his children back and forth to their residence, upon being presented with purchased

7

basketball tickets for Richardson and his children prior to the event in question; and it is further ORDERED that Richardson must attend the games with his children, refrain from the use of alcohol while at the event, and go directly home after transporting his children to their residence.

    SO ORDERED.

/s/

JOHN D. BATES
United States District Judge

Dated: November 17, 2025